UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRINDEL SIWANOWICZ,

    Petitioner,

v.                                       CASE NO. 8:18-cv-698-T-02SPF

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Before the Court is Petitioner Brindel Siwanowicz's *pro se* petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Ms. Siwanowicz is serving 88.2 months in prison for her state conviction of burglary of a dwelling and petit theft. After careful consideration of the petition (Dkt. 1), the response (Dkt. 4), and the appendix of the state court records (Dkt. 5),[1] the petition is denied.

**Background and Procedural History**

On March 23, 2015 mid-afternoon, Ms. Siwanowicz broke into the home of Joseph and Sonel Wilson, who were brothers. She testified at trial she gained entry

---

[1] The state courts' records are found in an appendix in paper format. The appendix contains 28 separate exhibits. Record citations will be denoted using the exhibit number and, if necessary, the page number.

by throwing a rock or chunk of concrete block through a back window.[2] She left the house through the back with cases of beer and cash. She testified she had been in a relationship with Joseph Wilson, had been staying at his house, and needed to retrieve her medicine and other personal belongings. She was identified leaving the home from a video taken by a neighbor. The Wilson brothers testified they never saw her before. Exh. 2 at 76, 85, 87, 127. Although she denied taking $700, which is the amount Joseph Wilson reported to the police, the jury found her guilty of burglary of a dwelling and petit theft.

      The lowest prison term the Petitioner could have received was 44.12 months. Exh. 2 at 71. The trial court declined to depart downward and sentenced Petitioner to 88.2 months in prison. The judgment and sentence were per curiam affirmed without opinion on direct appeal. Exh. 19; *Siwanowicz v. State*, 202 So. 3d 420 (Fla. 2d DCA 2016). Petitioner then filed in the state circuit court a motion and an amended motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Exhs. 22, 24. The amended motion was denied, and the denial was per curiam affirmed without opinion on appeal. Exhs. 25, 27; *Siwanowicz v. State*, 241 So. 3d 125 (Fla. 2d DCA 2017). This timely petition followed.

---

[2] Her entire trial testimony is found at Exh. 2 at 106–27.

Three of Petitioner's four grounds claim ineffective assistance of counsel (grounds two through four). The first ground raises the issue of mental competency.

## Exhaustion and Procedural Default

The writ of habeas corpus cannot be granted unless the petitioner has exhausted all available state court remedies. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Lucas v. Sec'y, Fla. Dep't of Corr.*, 682 F.3d 1342, 1351 (11th Cir. 2012) (citing 28 U.S.C. § 2254(b),(c)).[3] Exhausting state remedies requires a petitioner to "fairly present" her claim in each appropriate state court "thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) and *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam)). The petitioner must have "fairly presented" both the facts and substance of the constitutional federal habeas claim first to the state court. *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)). A state prisoner must properly raise a federal constitutional claim by citing the federal source of law, or a case deciding the claim on federal grounds. *Howell v. Mississippi*, 543 U.S. 440, 443–44 & n.2

---

[3] *Accord Rose v. Lundy*, 455 U.S. 509, 518–19 (1982) ("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error.").

3

(2005). The state prisoner must have presented the same claim to the state courts as the one being raised in the federal habeas petition. *Picard*, 404 U.S. at 276.

Federal habeas review may be precluded in certain circumstances. If the claim was raised in state court but the state court found the claim was defaulted on state procedural grounds, the claim is procedurally barred from habeas review. *Coleman*, 501 U.S. at 729–30. Under the procedural default doctrine, a claim is barred if the claim was not raised in state court and "the court to which the petitioner would be required to present [the] claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman*, 501 U.S. at 735 n.1. To avoid a procedural bar, a petitioner must show "either cause for and actual prejudice from the default or fundamental miscarriage of justice from applying the default." *Lucas*, 682 F.3d at 1353; *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001).

Respondent argues part of ground one as well as grounds three and four are barred from review. In this case Petitioner has not alleged cause and prejudice or a fundamental miscarriage of justice to overcome any of a procedural default.

**Ground One**

Petitioner alleges her mental illness was "not properly handled during trial proceedings." Dkt. 1 at 3. She claims:

> I have been in and out of mental hospitals since the age of six for paranoid schizophrenia, bi-polar psychosis and major depression. I

> have written multiple requests to see a psych doctor before trial. Five days after trial was put on two anti-depressants (Geodon & Remron). I was experiencing hallucinations before and during trial.

Dkt. 1 at 3. This claim was perhaps intended to be a procedural due process claim insofar as it raises the proper handling of her mental illness during the trial.

A claim based on mental competency to stand trial may allege a violation of either procedural or substantive due process afforded by the Fourteen Amendment. *See Wright v. Sec'y for Dep't of Corr.*, 278 F.2d 1245 (11the Cir. 2002). Generally, a claim asserting a substantive due process claim relating to mental competency cannot be defaulted. *Lawrence v. Sec'y, Fla. Dep't of Corr.*, 700 F.3d 464, 481 (11th Cir. 2012) (collecting cases); *Wright*, 278 F.3d at 1259. A petitioner must meet the high burden of presenting clear and convincing evidence that demonstrates her incompetency by a preponderance of the evidence. *Medina v. Singletary*, 59 F.3d 1096, 1106 (11th Cir. 1995).

The Petitioner's trial testimony evidences rational communication and an understanding of the charges against her. She aptly explained her version of the back story she shared with the Wilson brothers and why her need to break in to obtain her medicine[4] was justifiable, and also claimed ignorance of the $700 in cash. Exh. 2 at 108–17, 121. She truthfully testified she was seven times a

---

[4] She took medication for injuries resulting from a car accident — "I had brain, neck and back issues, seizures, asthma, COPD." Exh. 2 at 108.

convicted felon and four times convicted of a crime of dishonesty. Exh. 2 at 106–07.

She did not testify about her alleged history of mental problems, such as hospitalizations for paranoid schizophrenia, bi-polar psychosis, and major depression since the age of six, and the trial court had no reason to doubt her competency. Even if she had revealed this information, a history of mental illness is not enough to warrant a competency hearing. *See Card v. Singletary*, 981 F.2d 481, 485 (11th Cir. 1992) (determining lifelong history of emotional problems did not require competency hearing); *Wright*, 278 F.3d at 1259 (determining diagnosis of chronic schizophrenia alone was insufficient to create doubt of competency to stand trial).

The Petitioner's procedural due process claim, however, is procedurally defaulted. Although in her *pro se* brief on direct appeal the Petitioner alleged she suffers from mental illness and was experiencing hallucinations at the time of trial, she did not assert a federal constitutional violation. Exh. 18. In her initial rule 3.850 motion, which was denied without prejudice based on facial insufficiency, she raised a vague allegation the she suffered from various health conditions. Exh. 23. In her amended motion for postconviction relief she dropped those allegations, and on appeal from its denial she did not argue or raise a federal due process claim. Exhs. 24, 26.

Even if this Court were to consider the procedural due process mental competency claim on the merits, the Petitioner is not entitled to relief in view of the deference prescribed in 28 U.S.C. § 2254(d).  The state trial court had no reason to doubt her competency based on her performance at trial.  *See Medina*, 59 F.3d at 1106.

### Ineffective Assistance of Counsel

Ineffective assistance of counsel is established by a showing of both 1) counsel's deficient performance and 2) prejudice resulting from the deficient performance.  *Strickland v. Washington*.  466 U.S. 668, 687–88 (1984).  Deficient performance means "that no competent counsel would have taken the same action."  *Preston v. Sec'y, Dep't of Corr.*, 745 F. App'x 835, 837 (11th Cir. 2018) (citing *Johnson v. Sec'y, Dep't of Corr.*, 643 F.3d 907, 928 (11th Cir. 2011)). *Strickland* prejudice requires the petitioner show the reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Id*. (citing *Strickland*, 466 U.S. at 694).

In the habeas context, this Court's review is "doubly deferential" as governed by both *Strickland*'s "high bar" and 28 U.S.C. § 2254(d), as amended by the AEDPA.[5]  *Harrington v. Richter*, 562 U.S. 86, 105 (2011).[6]  "[T]he question is

---

[5] AEDPA is the Anti-Terrorism Effective Death Penalty Act of 1996.
[6] *See also Cullen v. Pinholster*, 563 U.S. 170, 202 (2011) ("doubly deferential standard"); *Nance v. Warden, Ga. Diagnostic Prison*, 922 F.3d 1298, 1303 (11th Cir. 2019) ("double deference").

not whether counsel's actions were reasonable [but] whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*. at 105.  The state court's adjudication of the claims on the merits may be subject to habeas relief only where the decision was either 1) "contrary to, or involved an unreasonable application of," clearly established federal law or 2) based on an unreasonable determination of the facts.  28 U.S.C. §2554(d).  Because the state postconviction court in Ms. Siwanowicz's case recognized and applied *Strickland*, the "contrary to" test cannot be met.

The two remaining considerations are whether the postconviction court made an "unreasonable application" of *Strickland*[7] or an "unreasonable determination" of the facts.  Given the presumption of correctness of the state court's determination of facts, *see* 28 U.S.C. 2254(e)(1), and the due deference to the state court's decision, if not unreasonable, *see Renico v. Lett*, 559 U.S. 766, 779 (2010), each ground must be analyzed by first examining the state court's decision as limited by the "double deference" standard of review discussed above.[8]

---

[7] This Court does not make an independent assessment of whether counsel's actions were reasonable.  *See Putnam v. Head*, 268 F.3d 1223, 1244 n. 17 (11th Cir. 2001), *cert. denied*, 537 U.S. 870 (2002).

[8] That the state appellate court affirmed without an opinion does not lessen the deference due. *Wright v. Moore*, 278 F.3d 1245, 1254 (11thCir. Cir.), *reh'g and reh'g en banc denied*, 278 F.3d 1245 (2002), *cert. denied sub nom*, *Wright v. Crosby*, 538 U.S. 906 (2003).  A federal claim presented to and denied by a state court is considered adjudicated on the merits absent "any indication or state-law procedural principles to the contrary." *Richter*, 562 U.S. at 99.

8

**Ground Two**

Petitioner claims her trial counsel was ineffective by failing to address her medical issues. She alleges:

> I have suffered severe beatings to my head and seizures that have caused cognitive and comprehensive damage. I was TABE tested in 2001 and scored above a tenth grade level, however, in 2016 I scored below a fourth grade level.

Dkt. 1 at 4. Although perhaps undeveloped in her petition, her rule 3.850 motion provided more detail, alleging that "[g]iven her continuous psychotic and demented gibberish, it should have been evident that his client was not fit to stand trial." Exh. 24 at 8. The state postconviction court found Petitioner failed to allege how she was prejudiced by the alleged deficient performance. Exh. 25.

This claim is without merit and refuted by her trial testimony, which displayed her ability to respond to each question clearly and to convey coherently her justification for her actions. The state courts' rejection of this ground of ineffective assistance of counsel was neither an unreasonable application of *Strickland* nor based on an unreasonable determination of the facts in light of the evidence presented in state court.

**Ground Three**

Petitioner claims ineffective assistance of trial counsel concerning his advice:

9

> [Counsel] was told of my mental illness and told me not to mention it. He told me I was facing 45 months and we could downward depart it so "I'm looking at" 22.5 months and he never explained everything I was unable to do if I went with a speedy trial.

Dkt. 1 at 5. This claim was raised in her initial 3.850 motion, which was denied with leave to amend. She failed to reallege this ground. This claim is procedurally defaulted and also devoid of merit because no *Strickland* prejudice was alleged.

**Ground Four**

Petitioner contends her trial counsel rendered ineffective assistance by failing to raise her history of drug and alcohol abuse which has resulted in a loss of memory, concentration, and comprehension. Dkt. 1 at 6. She readily admits this claim was never exhausted before the state courts "due to misadvice of prison law clerks." *Id*. Even if this claim were not procedurally defaulted, Petitioner fails to allege counsel knew this information, and her trial testimony refutes any hint of memory loss or lack of concentration or comprehension. As noted by Respondent, "[i]t is clear from both her testimony and from her request to the court for a 'furlough' to arrange care for her children and an elderly relative prior to beginning her sentence that she understood well what was happening." Dkt. 4 at 13 (referring to Exh. 2 at 168–69).

The petition for the writ of habeas corpus (Dkt. 1) is denied. The Clerk shall enter judgment against Petitioner and close the case.

**Certificate of Appealability and Leave to Appeal** *in Forma Pauperis*

Petitioner is not entitled to a certificate of appealability ("COA") because she cannot make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Having been denied a COA, Petitioner is not entitled to proceed on appeal *in forma pauperis*.

**DONE AND ORDERED** at Tampa, Florida, on October 16, 2020.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
Petitioner, *pro se*
Counsel of Record